UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE STERLING, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:15CV158 SNLJ |
| | ) | |
| JACKSON COUNTY PROSECUTING | ) | |
| ATTORNEY'S OFFICE, | ) | |
| KANSAS CITY, MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner, a prisoner, seeks leave to proceed in forma pauperis in this action for writ of mandamus. Having reviewed petitioner's financial information, the Court assesses a partial initial filing fee of $15.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the petition is dismissed without further proceedings.

### The Petition

Petitioner was convicted in state court of forcible sodomy, forcible rape, kidnapping, and armed criminal action. *Missouri v. Sterling*, No. 16CR99000649-01 (Jackson County). He is serving a life sentence. Petitioner says he was convicted based upon hair evidence found in the victim's pants. He claims the hair was never subjected to DNA testing. And he further claims that if it is subjected to DNA testing, it would "raise a reasonable probability that [he] *did not* commit the offenses." Compl. at 6. (emphasis in original).

Petitioner filed a motion for DNA testing pursuant to Mo. Rev. Stat. § 547.035 in the Jackson County Circuit Court on January 16, 2014. *Sterling*, No. 16CR99000649-01. The court denied the motion on March 6, 2014, and petitioner appealed. *Id.* Petitioner's appeal is pending

before the Court of Appeals for the Western District of Missouri. *Sterling v. Missouri*, No. WD77688 (Mo. Ct. App.).

Petitioner seeks a writ of mandamus directing the State to preserve the hair evidence and to subject it to DNA testing pursuant to 18 U.S.C. § 3600.

**Discussion**

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). "[T]he writ of mandamus has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* at 35 (quotations and citations omitted).

Title 18 U.S.C. § 3600(a) provides: "Upon a written motion by an individual under a sentence of imprisonment or death pursuant to *a conviction for a Federal offense* . . . the court that entered the judgment of conviction shall order DNA testing of specific evidence . . ." (Emphasis added).

The petition must be denied. First, the state courts are not inferior courts. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). Therefore, the Court lacks jurisdiction to grant the requested relief.

Second, even if mandamus were proper, petitioner would not be entitled to relief. He was not convicted of a federal offense. Therefore, 18 U.S.C. § 3600 does not apply.

Finally, the issue of DNA testing is pending before the Court of Appeals for the Western District of Missouri. The Court would not intervene in a state matter where the issue was pending in the state court.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner must pay an initial filing fee of $15.00 within thirty (30) days of the date of this Order. Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed separately.

Dated this 11th day of September, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE